

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 1:17-1076-MGL-1 |
| | § | |
| JAY BYRON WRIGHT, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR APPLICATION
OF CREDIT FOR TIME SERVED
AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.     INTRODUCTION

Pending before the Court are Defendant Jay Byron Wright's (Wright) pro se motion for application of credit for time served and motion for compassionate release. Having carefully considered the motions, the response, the record, and the applicable law, it is the judgment of the Court the motion for application of credit for time served will be dismissed without prejudice and the motion for compassionate release will be denied.

### II.     FACTUAL AND PROCEDURAL HISTORY

Wright pled guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The Court sentenced him to thirty-three months, to run consecutively to the undischarged term of imprisonment he was currently serving in the Georgia Department of Corrections (GDOC) for theft by extortion, racketeering, burglary, and theft by

taking. The Court also sentenced him to a three-year term of supervised release to follow his incarceration, as well as ordered $1,850.87 in restitution.

Before the Court issued his sentence in this matter, Wright avouches he spent approximately eleven months at the Lexington County Detention Center. Wright is currently housed at Federal Correctional Institution, Cumberland (FCI Cumberland), in Maryland, with a projected release date of November 2, 2024.

Wright alleges he has been hospitalized several times while incarcerated, once for a hernia surgery, and twice because of attacks by other inmates. The Court infers only his hernia surgery occurred during his federal sentence. He states that he contracted COVID-19 while hospitalized and had to be isolated for almost a month. He also avouches he suffers from high blood pressure.

Wright contends that several of his immediate family members have died during his incarceration. Further, he states his fiancée is disabled due to a car accident that resulted in a severe head injury. His fiancée, he alleges, lives with her seventy-three-year-old mother. Finally, he avouches he has had no disciplinary infractions during either his state or federal incarcerations.

After Wright filed his motions, the Court provided him an opportunity to show he had exhausted his administrative remedies. Wright did so. The government then responded to both Wright's motions. Wright failed to file any reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     MOTION FOR APPLICATION OF CREDIT FOR TIME SERVED

Wright seeks in this motion credit for the approximately eleven months he served in the Lexington County Detention Center before the imposition of his sentence in this case. The government argues such relief is improperly presented before this Court. It also states its belief

that Wright's time in the Lexington County Detention Center was credited to his Georgia state sentence.

The Supreme Court has held that a district court is unauthorized to award time-served credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Instead, the United States Attorney General, through the Bureau of Prisons (BOP), computes such credit. *Id.* at 334–35.

If the BOP fails to properly do so, a defendant may bring his claim in the form of a 28 U.S.C. § 2241 petition in the jurisdiction where he is incarcerated, after properly exhausting his administrative remedies. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

The Court thus determines this motion is an improper avenue for Wright to seek such relief. Once Wright has exhausted his administrative remedies, he may bring a Section 2241 petition in the District of Maryland, where FCI Cumberland is located. The Court will thus dismiss without prejudice Wright's motion for application of credit for time served.

## IV.    MOTION FOR COMPASSIONATE RELEASE

### A.    *Standard Of Review*

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86

3

(4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

### B.     Discussion and Analysis

As an initial matter, Wright has now exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of this motion.

#### 1.     *Whether Wright presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Wright posits the lack of time-served credit, the time spent in GDOC custody on similar charges, the fact that he has "lost all [his] immediate family and ha[s] no support in federal custody," Motion for Compassionate Release at 1, and is incarcerated over 500 miles away from home, his hospitalizations, his contraction of COVID-19 and resulting isolation, his high-blood

4

pressure, and the need to care for his disabled fiancée together constitute extraordinary and compelling reasons for a reduction in her sentence. The government, however, states that care for a fiancée is not an acknowledged basis for compassionate release. It inexplicably fails to address Wright's other arguments.

First, Wright is unable to circumvent the requirement to file a Section 2241 to address his time-served credit argument. *See, e.g.*, *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."). The Court thus declines to consider this argument as a basis for extraordinary and compelling reasons.

Second, the Court was aware of the time Wright would spend in GDOC custody when it imposed his sentence. It considered the implications of his state convictions when determining the duration of his sentence in this case and whether those sentences should run consecutively or concurrently. And, although his state charges were for similar crimes, the offenses themselves were unrelated to this case. The length of time spent incarcerated then, is part of the appropriate punishment for Wright's offenses, and fails to constitute extraordinary and compelling reasons for his early release.

Third, the Court empathizes with Wright's lack of support system while incarcerated, due to distance and death. Unfortunately, however, it is all-too common for incarcerated people to be separated from their support system. And, of course, some separation is inherent—and indeed intended—by incarceration. Moreover, it appears Wright has maintained a relationship with his fiancée and her mother, and they will be able to assist him with reentry upon his release. Such circumstances, therefore, are insufficient to constitute extraordinary and compelling reasons.

5

Fourth, Wright states he has been hospitalized several times during his incarceration. Although he avouches he was twice hospitalized due to attacks by other inmates, the Court infers those occurred while he was in state custody. And, he fails to allege that his treatment during those hospitalizations was inadequate or left lasting difficulties. The BOP, then, appears equipped to manage any ailments from which Wright may suffer. Therefore, his hospitalizations fail to indicate extraordinary and compelling reasons.

Fifth, Wright states he contracted COVID-19, and, as a result, was isolated for almost a month. Wright fails to state he has lasting effects from his bout with COVID-19. Nor does he allege he contracted the disease by force of his incarceration. Indeed, although COVID-19 still exists within the BOP, the risks have been largely mitigated. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last visited April 25, 2023) (of which the Court takes judicial notice) (reflecting that 1,279 inmates at FCI Cumberland have been vaccinated, and there is currently only one active COVID-19 case).

And, quarantine is an unfortunate reality after contracting COVID-19, whether incarcerated or not. Accordingly, Wright has failed to show COVID-19 constitutes extraordinary and compelling reasons for his release.

Sixth, although Wright states he suffers from high blood pressure, he fails to allege his condition is unmanaged by the BOP. And, even if his high blood pressure elevates his risk for COVID-19 reinfection, he has failed to show the BOP is unable to mitigate the harm via access to the vaccine or other measures. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

Finally, Wright argues he needs to care for his fiancée, who suffers from complications from a head injury. In the United States Sentence Guidelines, the Sentencing Commission states that extraordinary and compelling reasons exist in the event of "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. 1(C)(ii) (Policy Statement).

But, this comment fails to afford Wright relief. Wright states that his fiancée lives with her mother, who, despite being seventy-three years old is evidently able to provide care. Wright is thus not his fiancée's only available caregiver.

Therefore, although the Court recognizes the physical, financial, and emotional strain Wright's fiancée and her mother are likely under, it fails to find extraordinary and compelling reasons exist to release Wright to provide care.

In sum, Wright has failed to present extraordinary or compelling reasons for compassionate release.

### 2.     *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Wright's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Wright pled guilty to conspiracy to commit wire fraud, a serious offense. Moreover, his lengthy criminal history, which includes purchase of cocaine, theft by taking, theft by receiving stolen property (auto), second-degree burglary, burglary, racketeering, and theft by extortion, resulted in the Court assigning a criminal history category of VI at sentencing.

Overall, Wright's 33-month sentence, although at the top of Wright's twenty-seven to thirty-three month guideline range, is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Wright's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. The Court will therefore deny Wright's motion for compassionate release.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Wrights motion for application of credit for time served and for compassionate release, ECF No. 85, is **DISMISSED WITHOUT PREJUDICE** and his motion for compassionate release is **DENIED**.

**IT IS SO ORDERED.**

Signed this 1st day of May 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
