

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 1:17-1076-MGL-1 |
| | § |
| JAY BYRON WRIGHT, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
AND MOTION TO APPOINT COUNSEL**

## I. INTRODUCTION

Pending before the Court are Defendant Jay Byron Wright's (Wright) pro se motion for compassionate release and motion to appoint counsel. Having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Wright pled guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. The Court sentenced him to thirty-three months, to run consecutively to the undischarged term of imprisonment he was currently serving in the Georgia Department of Corrections (GDOC) for theft by extortion, racketeering, burglary, and theft by taking. The Court also sentenced him to a three-year term of supervised release to follow his incarceration, as well as ordered $1,850.87 in restitution.

The Court previously denied a motion for compassionate release. His motion was based on time spent in state custody, lack of support system, hospitalizations and contraction of COVID-19, high blood pressure, and the need to care for his disabled fiancée. After Wright filed that motion, he received a diagnosis of chronic lymphocytic leukemia, upon which he bases this motion.

He is currently incarcerated in Federal Correctional Institution, Cumberland with an anticipated release date of November 2, 2024. Wright avouches he has earned his GED and participated in non-residential drug treatment while incarcerated. He also reiterates in his reply that several of his family members have died since his incarceration and that he has served eleven years in state custody.

After Wright filed the instant compassionate release motion, the government responded and Wright filed a reply. Subsequently, Wright moved for appointment of counsel. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III. STANDARD OF REVIEW

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because

there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

### IV.     DISCUSSION AND ANALYSIS

As an initial matter, Wright has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").  The Court thus turns to the merits of this motion.

### A.     *Whether Wright presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Wright posits the Court should grant compassionate release because of his recent leukemia diagnosis.  On the other hand, the government argues Wright has failed to demonstrate that his condition is unmanaged by the BOP.

The Sentence Commission has issued a policy statement explaining extraordinary and compelling reasons for compassionate release.  This policy statement applies only to compassionate release motions brought by the BOP. *McCoy*, 981 F.3d at 281.  Nevertheless, it is

"helpful guidance" in evaluating defendant-filed motions, particularly those premised on medical conditions. *High*, 997 F.3d at 186.

Under the policy statement, a medical condition is extraordinary and compelling when the defendant has been diagnosed with a terminal illness; he suffers from a serious physical, medical, cognitive, or functional impairment; or he is experiencing a decline in his mental or physical health due to the aging process. U.S.S.G. § 1B1.13 app. n. 1(A)(i)-(ii). Additionally, the defendant must show evidence that his medical conditions "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, app. n.1(A)(ii).

Although chronic lymphocytic leukemia is a serious medical condition, Wright fails to provide evidence it is terminal. He posits in his reply that he "may not have but 5 yrs left to live[,]" Reply at 1, but his medical records fail to support that conclusion. In fact, his oncology report states he has "low-risk disease." June 15, 2023, Oncology Note at 5.

Moreover, he neglects to explain how his condition or treatment substantially diminish his ability to provide self-care. Nor has he demonstrated how his medical conditions interfere with his quality of life.

Even outside of the policy statement, Wright has neglected to demonstrate extraordinary and compelling reasons that convince the Court that compassionate release is appropriate. His records indicate his condition is being managed by the BOP. Although he complains he is receiving insufficient medical care because of the long period in between appointments and a lack of a treatment plan, his records fail to indicate more aggressive treatment is medically necessary.

Although the Court is sympathetic to Wright's health struggles, and hopes for a full recovery, it determines Wright has failed to present extraordinary and compelling reasons for his release. And, to the extent Wright reasserts arguments from his prior compassionate release

motion, he has failed to show extraordinary and compelling reasons based on the rationale stated in the Court's prior order.

### B.     *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Wright's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Wright pled guilty to conspiracy to commit wire fraud, a serious offense. Moreover, his lengthy criminal history, which includes purchase of cocaine, theft by taking, theft by receiving stolen property (auto), second-degree burglary, burglary, racketeering, and theft by extorsion, resulted in the Court assigning a criminal history category of VI at sentencing.

Although the Court commends Wright on his efforts toward rehabilitation, he has failed to do more than what the Court hopes of every defendant. Such strides fail to warrant a sentence

reduction. The Court nevertheless encourages Wright to continue to take part in programming the BOP has to offer.

Overall, Wright's 33-month sentence, although at the top of Wright's twenty-seven to thirty-three month guideline range, is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Wright's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case. The Court will therefore deny Wright's motion for compassionate release. The Court will also deny Wright's motion to appoint counsel, inasmuch as he has effectively set forth his arguments in his motion and is unentitled to relief. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (explaining the Court need not appoint counsel for a Section 3582(c) motion).

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Wrights motion for compassionate release, ECF No. 95, and motion to appoint counsel, ECF No. 104, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of October 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE